**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**AARON CONVALESCENT HOME, Respondent.**

No. 72–1414.

United States Court of Appeals, Sixth Circuit.

Argued April 17, 1973.

Decided June 8, 1973.

John C. Getreu, Director, Region 9, N.L.R.B., Cincinnati, Ohio by Michael Wolly, N.L.R.B., for petitioner; Marcel Mallet-Prevost, Asst. Gen. Counsel, Peter G. Nash, Patrick Hardin, Elliott Moore, N.L.R.B., Washington, D. C., on brief.

Jonas B. Katz, David Reichert, Cincinnati, Ohio, on brief, for respondent.

Before EDWARDS, PECK and KENT,* Circuit Judges.

EDWARDS, Circuit Judge.

This case involves a petition for enforcement of a National Labor Relations Board order after "summary judgment" had been entered by the Board against respondent.

Two issues are presented. The first is whether the Board order should be re-

* Judge Kent participated in the decision in this case and concurred in this opinion prior to his death on May 28, 1973.

fused enforcement because the Board failed to set it aside on respondent's motion for reconsideration alleging that its failure to follow the Board's procedure by filing an answer was not due to gross or willful neglect.

■ The Board's complaint was served on August 10, 1971. It stated, in accordance with § 102.20 of the Board's Rules (29 C.F.R. 257 (1972)), that respondent had ten days within which to file an answer and that "unless it does so, all of the allegations of the complaint shall be deemed to be admitted to be true and shall be so found by the Board." Respondent's answer was finally filed on October 26, 1971, long after the general counsel's motion for summary judgment on October 4, 1971.

As to this issue, we feel this record discloses no meritorious facts which required the Board to grant respondent relief. Respondent had already been in default for 30 days when its president took the three-week vacation upon which respondent chiefly relies for excuse.

The second issue, however, presents an attack upon the "summary judgment" procedure of the Board. Appellant asserts that "summary judgment" is not authorized by the Board's own rules. Relying upon the nature of summary judgment in the United States District Courts and before other trial courts, respondent points out that what is really involved here is a default judgment.

Respondent also emphasizes that Section 10(e) of the Labor-Management Relations Act, 29 U.S.C. § 160(e) (1970), provides in part: "The findings of the Board with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall be conclusive," and that Section 10(b) of the LMRA, 29 U.S.C. § 160(b) (1970), provides in part: "The person so complained of *shall* have the right to file an answer to the original or amended complaint and to appear in person or otherwise and give testimony at the place and time fixed in the complaint." (Emphasis added.)

Respondent reads these two propositions together to find therein a statutory requirement that a hearing be conducted and evidence taken in every instance, even if there has been a complaint followed by a default or waiver.

The rules relied upon by the Board are as follows:

## ANSWER

§ *102.20 Answer to complaint; time for filing; contents; allegations not denied deemed admitted.*

The respondent shall, within 10 days from the service of the complaint, file an answer thereto. The respondent shall specifically admit, deny, or explain each of the facts alleged in the complaint, unless the respondent is without knowledge, in which case the respondent shall so state, such statement operating as a denial. All allegations in the complaint, if no answer is filed, or any allegation in the complaint not specifically denied or explained in an answer filed, unless the respondent shall state in the answer that he is without knowledge, shall be deemed to be admitted to be true and shall be so found by the Board, unless good cause to the contrary is shown.

§ *102.21 Where to file; service upon the parties; form.*

An original and four copies of the answer shall be filed with the regional director issuing the complaint. Immediately upon the filing of his answer, respondent shall serve a copy thereof on each of the other parties. An answer of a party represented by counsel shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his answer and state his address. Except when otherwise specifically provided by rule or statute, an answer need not be verified or accompanied by affidavit. The signature of an attorney constitutes a certificate by him that he has read the

answer; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If an answer is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the answer had not been served. For a willful violation of this rule an attorney may be subjected to appropriate disciplinary action. Similar action may be taken if scandalous or indecent matter is inserted.

\*　　\*　　\*　　\*　　\*　　\*

## MOTIONS

§ *102.24 Motions: where to file; contents; service on other parties; promptness in filing and response.*

All motions under §§ 102.16, 102.22, and 102.29 made prior to hearing shall be filed in writing with the regional director issuing the complaint. All motions for summary judgment made prior to hearing shall be filed in writing with the Board pursuant to the provisions of § 102.50. All other motions prior to hearing shall be filed in writing with the chief trial examiner in Washington, D. C., or with the associate chief trial examiner in San Francisco, Calif., as the case may be. All motions made at the hearing shall be made in writing to the trial examiner or stated orally on the record. All motions filed subsequent to the hearing, but before the transfer of the case to the Board pursuant to 102.45, shall be filed with the trial examiner, care of the chief trial examiner in Washington, D. C., or associate chief trial examiner, San Francisco, Calif., as the case may be. All motions made subsequent to transfer of the case to, and while it is pending before, the Board shall be filed with the executive secretary of the Board in Washington, D. C., as provided in § 102.47. Motions shall briefly state the order or relief applied for and the grounds therefor. All motions prior to transfer of the case to the Board shall be filed by the moving party in an original and four copies and a copy thereof shall be immediately served on the other parties. Unless otherwise provided in these rules, motions and responses thereto shall be filed promptly and within such time as not to delay the proceedings. 29 C.F.R. §§ 102.20, 102.21 and 102.24 (1970).

We agree with respondent that the term "default judgment" more accurately describes the procedure authorized by these rules and followed in this case than does the term "summary judgment." But we do not consider such an error in nomenclature to be fatal. Respondent not only received a written complaint setting forth the essential requirements as to its answer, but also received an additional written warning that it was in default and granting an extended time for answer. We find no fatal inadequacy in the Board Rules and no due process violations in the procedures employed in this case.

As to respondent's claim that the statutes quoted above guarantee each respondent a hearing in every case, regardless of waiver or default, the Supreme Court has decided otherwise. The same general claim was advanced in the context of a Board enforcement petition where the Board's order was based upon a stipulation and no evidence had been adduced. The Supreme Court rejected the claim, holding that the stipulation for a consent decree "relieved the Board of the very necessity of making a supporting record." Labor Board v. Ochoa Fertilizer Corp., 368 U.S. 318, 323, 82 S.Ct. 344, 348, 7 L.Ed.2d 312 (1961).

Enforcement of the Board's order is granted.