NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

GLACIER PACKING CO., INC.,
Respondent.

No. 73-3187.

United States Court of Appeals,
Ninth Circuit.

Nov. 21, 1974.

David Miller (argued), Associate Gen. Counsel, N. L. R. B., Washington, D. C., for petitioner.

Wesley J. Fastiff, of Littler, Mendelson & Fastiff, Allen W. Teagle (argued), San Francisco, Cal., for respondent.

Before ELY and WALLACE, Circuit Judges, and JAMESON, District Judge.*

OPINION

PER CURIAM:

The petitioning Board's Decision and Order is reported at 204 NLRB No. 103 (June 27, 1973).

The respondent was found to have violated Section 8(a)(1) of the Act, 29 U.S.C. § 151 et seq. It was charged with having questioned employees concerning their concerted activities, promising employees new benefits in the event the employees voted against a certain Union, and with threatening employees with the possible loss of their jobs in the event the Union won a prospective election. The charges and amended charges were filed on September 7th and 8th and November 10th and 28th, 1972. On November 30, 1972, the Regional Director, by agreement between counsel for the General Counsel and the respondent's counsel, fixed January 30, 1973 as the date of the hearing. On January 15, 1973, the respondent requested a postponement of the hearing. The Regional Director granted the request and rescheduled the hearing for February 27,

---

* Honorable William J. Jameson, Senior United States District Judge, Billings, Montana, sitting by designation.

1973. Agreement to this date was reached following discussions between counsel for the General Counsel and the respondent's counsel. Notwithstanding, the respondent's counsel, on February 21, 1973, sent a telegram to the Regional Director requesting yet another thirty-day postponement of the hearing. The Director denied this request, and a similar request made by one of the respondent's attorneys on the following day was also denied.

The hearing commenced on February 27th, the scheduled date, and another attorney from the law firm representing the respondent made a "special appearance" to request another continuance. This attorney represented that his colleague in charge of the case for the respondent was then engaged in another Board case in Indiana. In the discussion, this attorney stated that his law firm consisted of a total of thirteen attorneys, and he admitted that "approximately seven or eight [of the thirteen attorneys] would be qualified to handle this type of a case." In opposing this latest motion for another continuance, the counsel for the General Counsel advised that he, at that time, had secured the presence of thirty-five witnesses by subpoena.

The Administrative Law Judge denied the requested continuance, although he stated that he would recess the hearing for a period of four hours in order to enable the respondent's law firm to produce other counsel. The respondent's attorney stated that such would be impossible and withdrew. The respondent vigorously challenges the action of the Administrative Law Judge in denying its last motion for continuance.

■■ Whether to grant or to deny a continuance in a case of this kind is committed to the sound discretion of the Administrative Law Judge or the Board, and a decision on such a question cannot be reversed in the absence of a showing that such discretion was abused. Here, the Board had fairly accommodated requests of the respondent's attorney on two occasions. The conflicting engagements of the principal counsel for the respondent were foreseen by him not later than January 15, 1973, approximately one and one-half months before the scheduled hearing date of February 27, 1973. The respondent had originally been given two months within which to prepare for the hearing and had been given an additional month at the request of its counsel. We have noted the admission of one of the attorneys from the law firm employed by the respondent that there were "approximately seven or eight" of the firm's lawyers who were qualified to represent the respondent in the type of hearing involved. It is also worthy of reemphasis that, in preparation for the hearing, the Board's attorney had subpoenaed thirty-five witnesses who had undergone the inconvenience of making their appearance on February 27th.

In NLRB v. American Potash & Chemical Corp., 98 F.2d 488 (9th Cir. 1938), our court remarked, "The Act makes it clear that the proceedings [such as here involved] must proceed with the utmost dispatch." 98 F.2d at 492. It is unfortunate, of course, that the particular individual attorney who desired to represent the respondent met with conflicting engagements; however, we long ago held in a similar situation that a respondent "should have secured one of their staff of attorneys or some other counsel who was free from other engagements to undertake the case with the instant attention contemplated by the Congress." NLRB v. American Potash & Chemical Corp., supra at 492.

Having carefully considered all of the relevant circumstances, we conclude that a clear abuse of discretion on the part of the Administrative Law Judge has not been shown.

On the merits, the Board's Decision is supported by substantial evidence. Accordingly, the Board's Order will be

Enforced.