**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ZENO TABLE COMPANY, INC., Respondent.**

No. 78–1934.

United States Court of Appeals, Ninth Circuit.

Oct. 3, 1979.

Rehearing Denied Jan. 14, 1980.

Edward S. Dorsey, N.L.R.B., Washington, D. C., for petitioner.

Warren C. Ogden, Mercer Island, Wash., for respondent.

Before BROWNING and GOODWIN, Circuit Judges, and EAST *, District Judge.

GOODWIN, Circuit Judge:

The National Labor Relations Board applies for enforcement of its order holding that Zeno Table Company, Inc., ("Zeno") refused to bargain with the certified representative of its employees in violation of sections 8(a)(1) and (5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), (5) (1976), and requiring Zeno to bargain with the union upon request. We deny enforcement of the bargaining order and remand

* The Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

the case to the Board for further proceedings.

The dispute arose from a contested certification election held in April 1976, in which a substantial majority of Zeno's employees voted in favor of union representation. After lengthy and contested certification proceedings, in June 1977 the Board certified the Union as the collective bargaining representative of Zeno's employees. Zeno thereupon refused to bargain with the union in order to obtain review of the Board's certification decision. The union filed its unfair labor practice charge with the Board.

The General Counsel issued an unfair labor practice complaint on August 4, 1977. The complaint was served on Zeno at its company offices and on Zeno's counsel, Fred Long, at an office he maintained in Southern California. The latter copy was evidently accepted by an employee of another person sharing space in the office used by Long and was subsequently misplaced. In any event, Long, who was on vacation at the time, did not become aware of the complaint until August 27, ten days after the answer was due. 29 C.F.R. § 102.20 (1978). Meanwhile, on August 19, the General Counsel had called Long's office in Southern California. The General Counsel spoke with a non-attorney labor consultant regarding the necessity of an answer to the complaint. The record does not show that this person had prior knowledge of the existence of the complaint. When no answer was received, the General Counsel moved for summary judgment on August 24.

Long received notice of the motion for summary judgment and a copy of the complaint on August 27, and two days later filed an answer to the complaint and an explanation for the delay. In essence, Long contended that service of the complaint was improper because it was served on him at his Southern California office rather than his Northern California office, from which he had made his appearances on behalf of Zeno in this case and at which he had been contacted previously with respect to the certification dispute. Long further argued that the answer, even if untimely, should be considered by the Board because the General Counsel had known of Long's vacation, which was the cause of the default.

The Board rejected Long's procedural arguments, pointing out that service of the complaint was made at an address shown on other papers in the underlying representation proceedings. The Board also said that Long's vacation was not an "extraordinary circumstance" that would excuse the untimely filing. The Board then "deemed" the allegations of the complaint admitted, 29 C.F.R. § 102.20 (1978), and entered summary judgment on the complaint.

At the outset, we are met with the contention that this case is controlled by section 10(e) of the National Labor Relations Act, 29 U.S.C. § 160(e) (1976), providing in pertinent part:

"* * * No objection that has not been urged before the Board * * * shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances."

The Board then contends that enforcement of the summary judgment should be granted as a matter of course because Zeno's failure to file a timely answer was not excused by extraordinary circumstances.

This argument misconstrues both the nature of our review and the issue on this appeal. We are not concerned at this time with Zeno's objections to the certification election itself. These objections were not considered by the Board, and we express no opinion as to their merits.

■ The issue here is whether the Board should have considered Zeno's answer to the complaint, in which those objections were presented, before rendering its order. Zeno's contentions with respect to the refusal to consider its answer were presented to the Board, and section 10(e) does not limit our review of the Board's treatment of the answer.

■ We are limited, however, in our review of the procedural matters presented here, to the question whether the Board

abused its discretion in refusing to consider Zeno's answer (*see N. L. R. B. v. Glacier Packing Co.,* 507 F.2d 415, 416 (9th Cir. 1974)), because it applied the "extraordinary circumstance" rather than the "good cause" standard to Zeno's reasons for the late filing. The Board is vested with great discretion in the resolution of unfair labor practice disputes but may not employ this authority in a manner which deprives a party of a fair and adequate hearing. *See Great Lakes Screw Corp. v. N. L. R. B.,* 409 F.2d 375, 378–79 (7th Cir. 1969).

The Board's regulations provide that, if no answer to the complaint is received within the time provided, the allegations of the complaint shall be deemed admitted unless "good cause" to the contrary is shown. 29 C.F.R. § 102.20 (1978). This "good cause" standard is not defined, but it appears to be less stringent than the "extraordinary circumstances" governing the application of section 10(e) of the NLRA. The purpose of the latter is to afford the Board the opportunity to bring its expertise to bear on a labor relations problem and thereby give the court the benefit of that expertise in reviewing the Board's decision. *See N. L. R. B. v. Allied Products Corp., Richard Brothers Division,* 548 F.2d 644, 653 (6th Cir. 1977). The purpose of the "good cause" standard, however, is to ensure that the Board makes decisions on the merits despite technical and inadvertent noncompliance with procedural rules.[1]

█ In the circumstances of this case, it is possible that Zeno had good cause for its failure to file a timely answer. As noted in passing above, the adequacy of service of the complaint was not free from question.

Moreover, the General Counsel had been notified of Long's vacation and could have extended the time for answering the complaint when it became apparent that a strictly timely answer might not be forthcoming. 29 C.F.R. § 102.22 (1978). Zeno was not in default when Long left on vacation. Because the General Counsel knew of Long's absence, courtesy to counsel might have warranted allowing a late answer. *See ViAids Laboratories, Inc. v. United States Postal Service,* 464 F.Supp. 976, 981–82 & n.9 (S.D.N.Y.1979) (vacation of responsible official may warrant grant of leave to file late answer to administrative complaint); *N. L. R. B. v. Aaron Convalescent Home,* 479 F.2d 736, 738 (6th Cir. 1973) (vacation of responsible official does not excuse late answer where company was already in default). Nothing in the record suggests that Long was a chronic late filer or a promoter of vexatious and dilatory proceedings. Finally, it does not appear that the short delay occasioned by Zeno's untimely filing caused any prejudice to any party. The hearing on the complaint was set for November 3, 1977, and Zeno's answer was filed on August 29, only two days after Long returned from vacation and learned that the complaint had been filed. The lengthy representation proceedings in the case had put all parties on notice as to the nature of Zeno's objections to the election (*see N. L. R. B. v. Capital Bakers, Inc.,* 351 F.2d 45, 47 (3d Cir. 1965)), and the hearing date could have been extended if, as seems unlikely, that action had been deemed necessary. 29 C.F.R. § 102.16 (1978). The possibility of prejudice arising from a consideration of Zeno's answer, therefore, appears minimal.[2]

1. In this respect, the "good cause" excuse comports with the policy underlying the Board's rules, as expressed in 29 C.F.R. § 102.121 (1978):

   "The rules and regulations in this part shall be liberally construed to effectuate the purposes and provisions of the act."

2. We do not hold that the service of the complaint was clearly inadequate. However, Zeno's objections to the manner of service are not without some basis. Long had appeared on behalf of Zeno throughout the underlying representation proceedings and was required to be served with a copy of the complaint. *See* 29 C.F.R. § 102.111(b) (1978). The Board's contention that such service was not required because Long entered no written appearance on behalf of Zeno seems a bit strained in light of the fact that Long was the first and only party the Board attempted to contact in order to determine why a timely answer had not been filed.

   Furthermore, with respect to the proper address for service, we note that, although Long's Southern California office is listed on docu-

In sum, it appears that the circumstances of this case may establish the existence of good cause warranting consideration of Zeno's answer. Because the Board based its refusal to receive that answer on the ground that "extraordinary circumstances" did not excuse the delay, we deny enforcement of its order, and remand so the Board may consider whether good cause excuses the late filing of the answer. If the Board decides to consider the answer, then a decision on the merits may resolve the controversy.

Remanded.

ments in the record, his Northern California office was the address at which the Board served pleadings during the representation proceedings and was also the location at which 'Long was contacted after the union filed its unfair labor practices charge.

Because we decide this case on other grounds, we need not determine which office should be considered Long's "principal office" for service of process (29 C.F.R. § 102.111(a)), nor whether inadequate service on counsel justifies refusal to enforce a Board order where unquestionably valid service has been made on the company (*see N. L. R. B. v. American Potash & Chemical Corp.,* 98 F.2d 488, 492 (9th Cir.), *cert. denied,* 306 U.S. 643, 59 S.Ct. 582, 83 L.Ed. 1043 (1938)), nor whether service was reasonably calculated to inform of the pendency of the complaint. *See N. L. R. B. v. O'Keefe & Merritt Manufacturing Co.,* 178 F.2d 445, 447 (9th Cir. 1949). We neither approve nor disapprove of the service procedures used in this case.