947 F.2d 950
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
Mr. CLEAN OF NEVADA, INC., Carl Manthei, A Single Employer,
Respondents.
 No. 90-70646.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1991.*
Decided Oct. 25, 1991.
 
 Before SCHROEDER, LEAVY and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The National Labor Relations Board (the Board) petitions for summary enforcement of its supplemental order of September 24, 1990 specifying the amount of backpay due to employees of Mr. Clean. We grant the petition for enforcement.
 
 
 3
 The Board issued its backpay specification order by default after Mr. Clean of Nevada, Inc. (Clean I) and Clean II, a sole proprietorship owned by Carl Manthei, failed to reply either to the backpay specification or to a motion for summary judgment.[1] The backpay specification order is a remedy for unfair labor practices by Clean I and Clean II that were previously adjudicated by the Board (the underlying proceeding). This court enforced the underlying order through a judgment entered on October 21, 1988 (No. 88-7264).
 
 
 4
 Clean II resists enforcement of the backpay specification order on the ground that the Board lacked jurisdiction over it in the underlying proceeding. Clean II was not named as a party in the original administrative complaint issued by the Board in the underlying proceeding, but that complaint alleged that Clean I and Clean II were a single enterprise. The complaint was served on Clean I and on the attorney who had designated himself "General Counsel" for Clean I and II in his response to an investigatory questionnaire sent by the Board. Dr. Manthei, the proprietor of Clean II, testified before the Administrative Law Judge regarding the relationship of Clean I and II, and both Clean I and II paid for services connected with the hearing.
 
 
 5
 In the underlying proceeding the Administrative Law Judge concluded that Clean I and II were a single employer and found several violations of the National Labor Relations Act. On appeal the Board denied Clean II's motion to intervene as amicus curiae because the Board found that Clean II was already a party to the proceeding, that Clean II had advance notice of the administrative hearing, and that Clean II's interests were fairly represented at that hearing. Clean II did not appeal that decision, nor did it oppose enforcement of the accompanying order.
 
 DISCUSSION
 
 6
 When the question of personal jurisdiction has been fully and fairly litigated by one court, subsequent courts are bound by the resulting determination. See Durfee v. Duke, 375 U.S. 106, 84 S.Ct. 242, 245, 11 L.Ed.2d 186 (1963); Baldwin v. Iowa State Traveling Men's Assoc., 283 U.S. 522, 51 S.Ct. 517, 518, 75 L.Ed. 1244 (1931); United States v. Van Cauwenberghe, 934 F.2d 1048, 1057-58 (9th Cir.1991). In the underlying proceeding the Board explicitly ruled that Clean II was a party, that Clean II received adequate notice of the administrative charges, and that Clean II was fairly represented at the hearing. Mr. Clean of Nevada, Inc., 288 N.L.R.B. 895 at n. 1. Because Clean II never appealed that determination, it may not collaterally attack that judgment before this court. United States v. Van Cauwenberghe, 934 F.2d at 1058.[2]
 
 
 7
 Collateral estoppel also bars Clean II from arguing that substantial evidence did not support the Board's finding that Clean I and Clean II are joint employers. The finding of joint liability was fully litigated and necessary to judgment in the underlying proceeding, and Clean II may not relitigate that issue here. Montana v. U.S., 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); NLRB v. Master Slack, 773 F.2d 77, 81 (6th Cir.1985).
 
 
 8
 Apart from the issue of collateral estoppel, Clean II has waived its objections to the claimed inadequate notice in the underlying proceeding by failing to raise those objections during this proceeding in a timely manner. NLRB v. Western Temporary Services, Inc., 821 F.2d 1258, 1264 (7th Cir.1987) (due process objection must be raised within a reasonable time after party becomes aware of the default). Because Clean II failed to raise its defenses to liability before the Board in the current proceeding, it may not do so before this court absent "extraordinary circumstances." 29 U.S.C. § 160(e). See Polynesian Cultural Center, Inc. v. NLRB, 582 F.2d 467, 472-73 (9th Cir.1978); Oldwick Materials, Inc. v. NLRB, 732 F.2d 339, 341 (3rd Cir.1984). No such circumstances appear. In fact, Clean II defaulted in the backpay specification proceedings before the Board. The Board's regulations require the respondent to a compliance specification to file a response within 21 days of service; if no response is filed, the Board may enter an appropriate order. 29 C.F.R. § 102.56 (1990). Here Clean II filed no response to the backpay specification and has alleged no good cause for its failure to do so. See NLRB v. Zeno Table Co., Inc., 610 F.2d 567 (9th Cir.1979) (court found good cause for delay in answering complaint); Father & Sons Lumber v. NLRB, 931 F.2d 1093, 1096 (6th Cir.1991) (no good cause for failure to respond to compliance specification). In the face of this default, summary enforcement of the Board's order is appropriate. See NLRB v. Continental Hagen, 932 F.2d 828, 831 (9th Cir.1991) (failure to respond to complaint); Father & Sons Lumber v. NLRB, 931 F.2d at 1096.
 
 
 9
 The Board also asks that we impose sanctions upon Clean II on the ground that Clean II's contentions here are frivolous. See Bell v. City of Kellogg, 922 F.2d 1418, 1425 (9th Cir.1991). However, the Board fails to point to any particular statute or rule under which sanctions are requested, and fails to suggest the form that these sanctions should take. We agree that Clean II's position is without merit. However, at least on the surface Clean II raised arguable issues. We, therefore, decline to award sanctions.
 
 
 10
 The petition for summary enforcement is GRANTED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although both Clean I and Clean II are named as Respondents in the present petition, only Clean II opposes enforcement of the Board's supplemental order
 
 
 [2]
 This is not to say that the Board's determination that Clean Ii was a party and had proper notice was entirely free from doubt. However, the issue was not raised before this court when the Board sought enforcement of the order in the underlying proceeding and the Board's decision has become final