40 F.3d 1246
 74 A.F.T.R.2d 94-6752
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wilbur L. RIGMAIDEN and Patricia R. Rigmaiden, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
Per T. RON and Sonja Ron, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
Per T. Ron and Sonja Ron, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
Richard F. STANDFEST and Lucinda Standfest, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
James F. WANN, Jr. and Lavonne M. Wann, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
James F. WANN, Jr. and Lavonne M. Wann, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
Jolinda B. TRAUGH, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 Nos. 93-70348, 93-70389, 93-70391, 93-70457, 93-70538,
93-70539 and 94-70044.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1994.
Decided Oct. 25, 1994.
 
 Before: FLETCHER, BOOCHEVER, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Wilbur and Patricia Rigmaiden, Per T. and Sonja Ron, Richard and Lucinda Standfest, James and Lavonne Wann, and Jolinda Traugh (collectively, "the taxpayers") appeal the tax court's decision to disallow federal income tax deductions for mining investments and to impose penalties and interest for their negligent or willful failure to pay taxes in the first place. Alternatively, the Rigmaidens and the Rons appeal the tax court's orders refusing to allow them to compute the tax due under an income averaging approach. The Rons complain of the court's refusal to consider their alternative minimum tax objections.
 
 
 3
 We have carefully reviewed the record and the tax court's decision. We affirm the disallowance of the tax deductions and the imposition of penalties and interest substantially for the reasons set forth[1] in the tax court's published decision to the extent they pertain to these appellants, Hodges v. Commissioner, 63 T.C.M. (CCH) 3198 (1992).[2] We reverse, however, the tax court's refusal to consider the income averaging issue raised by the Rigmaidens and Rons and the alternate minimum tax issue raised by the Rons alone.
 
 
 4
 Rule 155(a) of the U.S. Tax Court Rules of Practice and Procedure allows the court, after having issued its opinion determining the issues in a case, to "withhold entry of its decision for the purpose of permitting the parties to submit computations pursuant to the Court's determination of the issues." Rule 155(c) goes on to provide:
 
 
 5
 Any argument under this Rule [is] confined strictly to consideration of the correct computation of the deficiency, liability, or overpayment resulting from the findings and conclusions made by the Court, and no argument will be heard upon or consideration given to the issues or matters disposed of by the Court's findings and conclusions or to any new issues.
 
 
 6
 (emphasis added). Thus, the Rule explicitly prohibits a party from raising a new issue during the computation proceeding. Where "the resolution of [a] matter would [ ] require[ ] the tax court to consider new evidence not presented at the original proceeding, the tax court [does] not err by precluding consideration of the issue at the Rule 155 proceeding." Paccar, Inc. v. Commissioner, 849 F.2d 393, 399-400 (9th Cir.1988) (footnote omitted); see also Kelley v. Commissioner, 877 F.2d 756, 760 (9th Cir.1989) (same), overruled on other grounds, Bufferd v. Commissioner, --- U.S. ----, 113 S.Ct. 927, 122 L.Ed.2d 306 (1993).
 
 
 7
 We recognize that the income averaging issue could, conceivably, require the production of more evidence. See Cloes v. Commissioner, 79 T.C. 933, 937 (1982). But we have held that when the taxpayer does raise the issue before trial, there may well be an abuse of discretion if amendment of the taxpayer's petition is denied. See Kelley, 877 F.2d at 761.
 
 
 8
 Here the Rigmaidens and the Rons did raise the issue before trial, but the tax court limited the evidence at trial to the tax shelter issues and excluded the income averaging issue and other issues. It specifically relegated those to other proceedings. In fact, the court specifically allowed for the Standfests to raise the income averaging issue in the Rule 155 proceeding, without providing the same relief for the Rigmaidens and Rons, who had also raised the issue in their trial briefs. We therefore determine that the tax court erred when it refused to consider the income averaging issue. Moreover, in our opinion the Rons' claim that the alternative minimum tax was based upon the very deduction disallowed here was obviously inherent in the dispute at hand. As the Rons have said, it was absurd to expect them to assume that the Commissioner was asserting that the alternative minimum tax calculation should be used regardless of the outcome of the mining deduction litigation.
 
 CONCLUSION
 
 9
 We affirm the decision of the tax court except as to the income averaging issue and as to the alternative minimum tax issue. We reverse and remand for further proceedings on those claims.
 
 
 10
 AFFIRMED as to the Standfests, the Wanns, and Traugh. AFFIRMED in part, REVERSED in part, and REMANDED as to the Rigmaidens and the Rons.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 37-3
 
 
 [1]
 A majority of the panel would not rest the decision on the finding that each investment was a sham due to each of the individual taxpayers' failure adequately to investigate the mineral potential of the mines. However, all panel members conclude that there is sufficient support in other findings, particularly that there was a lack of economic substance in the promissory notes which the taxpayers claimed as the bulk of their investment
 
 
 [2]
 Taxpayers do raise a few procedural issues, none of which is of sufficient merit to affect our conclusion. The tax court had discretion to deny a continuance and did not abuse that discretion. See NLRB v. Glacier Packing Co., Inc., 507 F.2d 415, 416 (9th Cir.1974) (per curiam). Similarly, it committed no abuse of discretion in its control over the order of admission of evidence at trial. Cf. United States v. Mostella, 802 F.2d 358, 361 (9th Cir.1986). Moreover, even assuming that there was error in the admission of evidence of a consent decree, in light of the other evidence in the record there was no prejudice. See Price v. Seydel, 961 F.2d 1470, 1474-75 (9th Cir.1992). The same is true of the court's refusal to enforce a single subpoena. See NLRB v. Seine Line Fishermen's Union, 374 F.2d 974, 981 (9th Cir.), cert. denied, 389 U.S. 913, 88 S.Ct. 239, 19 L.Ed.2d 261 (1967). Taxpayers simply did not make a sufficient proffer to enable the trial court, or us, to determine whether they suffered any prejudice because of the witness' unavailability. That is particularly true when we consider that the witness' report was admitted over the Commissioner's objections