**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ETHAN ENTERPRISES, INC. Respondent.**

No. 04–74905.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 17, 2005.*

Decided Nov. 14, 2005.

Lawrence K. Engel, Esq., Seattle, WA, for Petitioner.

Aileen A. Armstrong, Esq., Jill A. Griffin, Esq., National Labor Relations Board Office of the General Counsel, Washington, DC, Richard L. Ahearn, Seattle, WA, for Respondent.

Before: CUDAHY,** MCKEOWN, and NELSON, Circuit Judges.

MEMORANDUM ***

The National Labor Relations Board (NLRB) petitions this Court to enforce a June 24, 2004 Board Order issued against Ethan Enterprises, Inc. (Ethan). Pursuant to a settlement of another unfair labor practice case, Ethan agreed to sign and be bound by a collective-bargaining agreement (CBA) that was in effect between other contractors and District Council # 5, International Union of Painters and Allied Trades, AFL–CIO (the Union). Following this settlement, Ethan failed to sign the CBA and refused to provide relevant employee information to the Union.

Following a complaint by the Union regarding Ethan's refusal to sign the CBA and a hearing before an Administrative Law Judge (ALJ) concerning this matter, the NLRB found that Ethan violated Section 8(a)(5) and (1) of the National Labor Relations Act (the Act) by refusing to sign an agreed-upon collective-bargaining agreement and by refusing to provide the

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Richard D. Cudahy, Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Union with the relevant employee information.

We enforce an order of the NLRB if "its findings of fact are supported by substantial evidence and if the Board correctly applied the law...." *New Breed Leasing Corp. v. NLRB,* 111 F.3d 1460, 1464 (9th Cir.1997) (quoting *Retlaw Broad Co. v. NLRB,* 53 F.3d 1002, 1005 (9th Cir.1995)).

Ethan first argues that the NLRB's Order should not be enforced because it was not afforded a fair hearing before the ALJ. Specifically, Ethan argues that it was denied procedural due process and that the judge abused his discretion by failing to notify Ethan that the hearing would continue in the absence of its counsel. Ethan's lawyer abruptly left the hearing after the ALJ upheld an objection to the lawyer's questioning. After the lawyer announced his intention to leave, the administrative law judge stated that the lawyer should explain to his client (Ethan) that the hearing would continue in the lawyer's absence. The lawyer agreed to do so.

In *National Labor Relations Board v. Glacier Packing Co., Inc.,* 507 F.2d 415 (1974) this Court said that the decision to continue a case "is committed to the sound discretion of the Administrative Law Judge or the Board" and such a decision should only be reversed in cases where the "ALJ abused his discretion." In *Glacier Packing,* we noted that "[t]he Act makes it clear that the proceedings [such as here involved] must proceed with the utmost dispatch" 507 F.2d at 416 (quoting *NLRB v. American Potash & Chemical Corp.,* 98 F.2d 488, 492 (9th Cir.1938)). Here, the ALJ's conduct was proper in light of the lawyer's unusual conduct and we find that he did not abuse his discretion or deprive Ethan of its due process rights.

Ethan also argues that it did not violate Sections 8(a)(5) and (1) of the Act because the Union did not represent a majority of Ethan's employees. We find this claim unconvincing. Not only is evidence lacking to confirm the authenticity of the main evidence to support this claim, a petition with signatures of all Ethan employees, rejecting the Union and asking not to be contacted by it, but more importantly, as part of the original settlement agreement Ethan agreed not to challenge the Union's majority status.

In light of the foregoing considerations, we are satisfied that the NLRB's decision was supported by substantial evidence and thus that the Order should be enforced.

**ENFORCEMENT GRANTED.**