Ronald G. RINER, Jr., Petitioner,

v.

Jackie CRAWFORD, et al., Respondents.

No. 3:99–CV–0258–ECR–RAM.

United States District Court, D. Nevada.

Feb. 3, 2006.

Anne R. Traum, Federal Public Defender, Las Vegas, NV, for Petitioner.

Robert E. Wieland, Senior Deputy, Attorney General, Reno, NV, for Respondents.

## ORDER

EDWARD C. REED, JR., District Judge.

*Background*

This matter is before the Court on remand from the Ninth Circuit Court of Appeals with directions that the Court reconsider the dismissal "in light of the Supreme Court's recent decision in *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005)." Order (docket # 62).

■ Petitioner originally came before this Court in 1999 on a petition for writ of habeas corpus. Upon a motion to dismiss, the Court determined that grounds 2A, 2C, 2E, 2F, 2G, and 3 of the First Amended

Petition were unexhausted and that grounds 2B and 2D were procedurally defaulted. *See* Order (docket # 35). The Court allowed petitioner to file a declaration either abandoning the unexhausted claims or stating his desire to dismiss the petition without prejudice and without entry of judgment to return to state court to exhaust those claims.[1] *Id.* Petitioner decided to abandon his unexhausted grounds and proceeded to litigate the remainder of his petition (docket # 36). The petition was dismissed in September of 2002 and went up on appeal at that time.

The matter has now been remanded to permit petitioner an opportunity to show that a stay and abeyance of the matter is appropriate so that he can exhaust his unexhausted grounds in state court.

*Stay and Abeyance*

■ In *Rhines v. Weber,* 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), the Supreme Court placed some limitations upon the discretion of this Court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to

grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. . . . and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines,* 125 S.Ct. at 1535.

*Rhines* cautioned, that stay-and-abeyance is appropriate only when the district court determines that there was "good cause" for the failure to exhaust. *Id.* at 1535. The Court did not, however, provide a definition of what would constitute "good cause."

In searching to answer that question, this Court has uncovered very little precedential case law, but has found several instances wherein the courts have discussed the "good cause" standard applicable in a *Rhines* analysis.

Various courts have adopted the standard for cause applicable to procedural defaults which requires that some "objective factor external to the defense" made it impossible to bring the claim earlier in the

---

1. Since approximately 1997, this Court has followed a procedure whereby, upon the petitioner's election, a mixed petition is dismissed and the case closed without entry of judgment and with leave to reopen in order to permit petitioner to exhaust state court remedies. The Court permits reopening of the action without any penalty to the petitioner as to the statute of limitations and the new action relates back to the original filing date. This procedure avoids the administrative burden of having many inactive files open on the Court's docket while awaiting action from the state courts. The procedure constitutes a *de facto* stay and abeyance.

state court proceedings as required by *Coleman v. Thompson,* 501 U.S. 722, 755, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). *See e.g., Fernandez v. Artuz* 2006 WL 121943, *5 (S.D.N.Y., Jan. 18, 2006); *Pierce v. Hurley,* 2006 WL 143717, *8 (S.D.Ohio, January 18, 2006); *Carter v. Friel,* 2006 WL 208872, *3 (D.Utah, Jan. 6, 2006); *Hernandez v. Sullivan,* 397 F.Supp.2d 1205, 1207 (C.D.Cal.2005). Others, such as *Jackson v. Roe,* 425 F.3d 654 (9th Cir.2005), and the remanded *Rhines v. Weber,* 2005 WL 3466015, *2–3 (D.S.D., December 19, 2005), conclude that the cause standard of *Rhines* requires a lesser showing than that for procedural default.

In *Jackson v. Roe,* the Ninth Circuit Court of Appeals concluded that good cause did not require a showing of "extraordinary circumstances." The Court said

> [W]e hold that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines. See NLRB v. Zeno Table Co.,* 610 F.2d 567, 569 (9th Cir.1979) (distinguishing between the "good cause" standard found in NLRB regulations and the "extraordinary circumstances" standard in section 10(e) of the National Labor Relations Act and noting that " 'good cause' ... appears to be less stringent than ... 'extraordinary circumstances' ").

*Jackson,* 425 F.3d at 661–62.

■ Thus, it would appear that good cause under *Rhines,* at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant. This is supported by the Supreme Court's observation in *Pace v. DiGuglielmo,* 544 U.S. 408, –––– ––––, 125 S.Ct. 1807, 1813–14, 161 L.Ed.2d 669 (2005), wherein the Court declared that a petitioner's confusion over whether or not his petition would be timely filed was "good cause" for the petitioner to file his unexhausted petition in the federal court.

Another court to discuss the standard of good cause under *Rhines* was the Eastern District of Pennsylvania. That court concluded that the good cause standard falls somewhere between the "lower threshold of unfairness," and the "higher standard of extraordinary circumstances, necessary for equitable tolling in capital cases." *See Baker v. Horn,* 383 F.Supp.2d 720, 747 (E.D.Pa.2005). This discussion of *Rhines,* while in the context of equitable tolling of a federal challenge in a capital case, examined whether the court should previously have granted a stay of the petition considering the petitioner's particular circumstances and the shifting state of the law in Pennsylvania at the time the original petitioner was filed.

The federal district courts have also developed a split of authority on whether ineffective assistance of post-conviction counsel qualifies as good cause to permit a stay of the federal proceedings. At least five district courts found that alleged ineffective assistance of counsel during post-conviction proceedings did constitute good cause for failure to exhaust claims in state proceedings, most without much discussion of the matter. *See e.g., Rhines v. Weber,* 408 F.Supp.2d 844, 847–48 (D.S.D.2005); *Ramchair v. Conway,* 2005 WL 2786975 at *16 (E.D.N.Y., Oct. 26, 2005); *Boyd v. Jones,* 2005 WL 2656639 at *4 (E.D.Mich., Oct. 14, 2005); *Fradiue v. Pliler,* 2005 WL 2204862 at *2 (E.D.Cal., Sept. 8, 2005); and *Martin v. Warren,* 2005 WL 2173365 at *2 (E.D.Mich., Sept. 2, 2005). Similarly at least three district courts found that alleged ineffective assistance of counsel during post-conviction proceedings did not constitute good cause. *See, e.g., Carter v. Friel,* 415 F.Supp.2d 1314, 1317–18, 2006 WL 208872, *3 (D.Utah, Jan. 6, 2006); *Vasquez v. Parrott,* 397 F.Supp.2d 452, 464

(S.D.N.Y.2005); *Hubbert v. Renico,* 2005 WL 2173612 at \*3 (E.D.Mich., Sept. 7, 2005).

Thus, the split of authority is broad and varied. However, the discussions by the Pennsylvania court in *Baker* and the Ninth Circuit in *Jackson* support this Court's conclusion that the good cause standard applicable in consideration of a request for stay and abeyance of a federal habeas petition requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control, such as the actions of counsel either in contravention of the petitioner's clearly expressed desire to raise the claim or when petitioner had no knowledge of the claim's existence.

Of course, a petitioner must also meet the second and third requirements imposed by *Rhines,* by presenting a claim that is not clearly meritless and showing that he has not been intentionally dilatory in pursuing his post-conviction remedies. *Id.* at 1535.

These requirements do not present the range of discussion associated with the good cause requirement, although it is of note that at least two courts have determined that a claim that may be procedurally defaulted in state court should be considered meritless in a *Rhines* analysis. *See Carter v. Friel,* 415 F.Supp.2d 1314, 1321–22, 2006 WL 208872, \*6 (D.Utah 2006); *Neville v. Dretke,* 423 F.3d 474, 480 (5th Cir.2005). These conclusions are not binding on this Court, however.

Based on the order of the Ninth Circuit directing this Court to reconsider the petition in light of *Rhines,* petitioner will be given an opportunity to show good cause for his failure to exhaust his unexhausted claims in state court. Petitioner must also demonstrate that his unexhausted claims are not plainly meritless and that he has not been intentionally dilatory in his pursuit of post-conviction remedies. Respondent will be granted an opportunity to respond, and petitioner to reply.

**IT IS THEREFORE ORDERED** that petitioner shall have **thirty (30) days** from the date of entry of this Order to show good cause for his failure to exhaust ground 2A, 2C, 2E, 2F, 2G, and 3 of his First Amended Petition in state court, to demonstrate that these claims are not plainly meritless, and that he has been diligent in his pursuit of state court remedies. Respondents shall thereafter have **twenty (20) days** to respond. Petitioner shall thereafter have fifteen **(15) days** to reply.