57 F.3d 1076
 75 A.F.T.R.2d 95-2733, 95-2 USTC P 50,380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard DeJEAN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-35704.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 8, 1995.
 
 Before: O'SCANNLAIN, LEAVY and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard DeJean appeals pro se the district court's summary judgment for the United States in DeJean's action seeking a refund of addition to tax paid for tax years 1979 and 1980. DeJean sought a refund of taxes paid in connection with the Internal Revenue Service's ("IRS") disallowance of energy tax credits from DeJean's investment in Saxon Energy Corporation ("Saxon") which he carried back to 1979 and 1980. DeJean also appeals the district court's grant of the government's motion for a protective order. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.[1]
 
 
 3
 DeJean contends that the district court erred by holding that the issue of DeJean's tax was foreclosed by DeJean's stipulation to be bound by the tax court's decision in Schillinger v. Commissioner, 60 T.C.M. (CCH) 1470 (1990), aff'd, 1 F.3d 954 (9th Cir.1993). This contention lacks merit.
 
 
 4
 We review the district court's grant of summary judgment de novo. Mardan Corp. v. C.G.C. Music, Ltd., 804 F.2d 1454, 1457 (9th Cir.1986).
 
 
 5
 First, DeJean contends that he did not stipulate to be bound by Schillinger. In support of this contention, DeJean submitted a document from the tax court stating that DeJean did not stipulate to be bound by Schillinger. However, as the district court noted, this document predates the stipulation agreement signed by DeJean's counsel in that action. Although DeJean's subsequent letter to his counsel, dated March 16, 1994, and counsel's response do not predate the stipulation agreement, this correspondence does not establish that DeJean did not stipulate to be bound by the results in Schillinger.
 
 
 6
 Second, DeJean contends that even if he did stipulate to be bound by Schillinger, he is only bound as it relates to tax years 1982, 1983, and 1984. The stipulation agreement, however, provides that if the Schillinger issues "are resolved in a manner which affects the same issues in other years (e.g., the availability of energy tax credit carrybacks or carryforwards) the resolution will apply to petitioners' other years...." Because the additions to DeJean's 1979 and 1980 tax are due to the disallowance of the energy tax credit in Schillinger, the stipulation agreement specifically forecloses the issues regarding the additions to DeJean's tax for 1979 and 1980.
 
 
 7
 Finally, DeJean contends that he is not bound by the resolution of the due diligence issue in Schillinger. The due diligence issue, however, involves the negligence penalty under section 6653 which the stipulation agreement specifically encompasses.[2]
 
 
 8
 Thus, the district court properly held that the issue of DeJean's liability for additions to tax for 1979 and 1980 relating to the disallowance of energy tax credits was foreclosed by DeJean's stipulation to be bound by Schillinger.
 
 
 9
 DeJean next contends that the district court erred by granting summary judgment for the government because the statute of limitations on the assessment of the deficiency had expired. This contention also lacks merit.
 
 
 10
 The IRS must assess a tax deficiency within three years after the return is filed. 26 U.S.C. Sec. 6501(a); Charlton v. Commissioner, 990 F.2d 1161, 1162 (9th Cir.1993). Under section 6501(c)(4), however, the taxpayer may execute a waiver of the statute of limitations. 26 U.S.C. Sec. 6501(c)(4); Kinsey v. Commissioner, 859 F.2d 1361, 1363 (9th Cir.1988), cert. denied, 489 U.S. 1083 (1989). The limitations period for assessment is also suspended for any period during which the IRS is prohibited from making an assessment. 26 U.S.C. Sec. 6503(a)(1).[3] In addition, an assessment for a deficiency attributable a credit carryback is timely if made within the time allowed for assessing a deficiency for the tax year in which the unused credit arose. 26 U.S.C. Sec. 6501(j)(1).
 
 
 11
 It is undisputed that the additions to tax at issue are due to the disallowance of DeJean's carryback of energy tax credits from 1982. Thus, we look to the 1982 tax year to determine whether the statute of limitations had expired. 26 U.S.C. Sec. 6501(j); Christian v. Commissioner, 68 T.C.M. (CCH) 129 (1994).
 
 
 12
 DeJean filed his income tax return for the 1982 tax year on October 18, 1983. On February 18, 1986, prior to the expiration of the three year statute of limitations, DeJean executed a Consent to Extend the Time to Assess Tax (Form 872) in which he agree to extend the time in which the IRS could assess income taxes with respect to the 1982 tax year to April 15, 1987. Thereafter, on March 27, 1987, the IRS mailed DeJean a Notice of Deficiency with respect to 1982. Thus, by operation of section 6503(a)(1), the limitations period was extended to June 25, 1987. See 26 U.S.C. Secs. 6501(a)(1) & 6213. The limitations period was again suspended on June 25, 1987, when DeJean filed a timely petition for redetermination of his 1982 tax liability. See id.
 
 
 13
 Because the tax court's decision regarding DeJean's petition for redetermination was not final when the IRS's sent the Notice of Deficiency for 1979 and 1980 on July 17, 1987, the deficiency determination was not time barred. See id. Accordingly, the district court did not err by granting summary judgment for the government.
 
 
 14
 Finally, DeJean contends that the district court abused its discretion by granting the government's motion for a protective order. This contention lacks merit.
 
 
 15
 We review for abuse of discretion the district court's entry of a protective order. Home Savings Bank, F.S.B. v. Gillam, 952 F.2d 1152, 1157 (9th Cir.1991) The court has broad discretionary powers to control discovery. See Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir.1988). Upon a showing of good cause, the court may deny or limit the manner, method, or means of discovery where justice so requires. See Fed.R.Civ.Pro. 26(c).
 
 
 16
 On appeal, DeJean asserts that, through discovery, he hoped to gain information about prior IRS field audits of Saxon, as well as the possibility that IRS agents had invested in Saxon.
 
 
 17
 The district court did not abuse its discretion by granting the government's motion for a protective order because his discovery request involved issues that were foreclosed by DeJean's stipulation to be bound by Schillinger. See Fed.R.Civ.Pro. 26(c); Gillam, 952 F.2d at 1157.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant's request to file a late reply brief is granted
 
 
 [2]
 The stipulation agreement states that all issues involving Saxon adjustments, including the applicability of additions to tax pursuant to 26 U.S.C. Secs. 6653(a), 6659, 6661, and the applicability of 26 U.S.C. Sec. 6621(c) additional interest, and the imposition of any other additions to tax or damages shall be resolved as in Schillinger
 
 
 [3]
 Under 26 U.S.C. Sec. 6213, the IRS is prohibited from making any assessment within 90 days of mailing a notice of deficiency, and if a taxpayer files a timely petition for redetermination, the IRS is further prohibited from making any assessment until the decision of the Tax Court has become final. 26 U.S.C. 6213(a)