Thomas E. **CHARLTON**; Judith C. **Charlton**, Petitioners,

v.

**COMMISSIONER OF INTERNAL REVENUE SERVICE,** Respondent.

No. 91–70616.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 1993.*

Decided April 21, 1993.

---

* Honorable Malcolm F. Marsh, United States District Judge, District of Oregon, sitting by designation.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a); Circuit Rule 34–4.

Michael Savage, Gersten, Savage, Kaplowitz & Curtin, New York City, for petitioners.

Gary R. Allen, Asst. U.S. Atty. Gen., Tax Div., Washington, DC, for respondent.

Before: CANBY and BRUNETTI, Circuit Judges, and JONES,** District Judge.

BRUNETTI, Circuit Judge:

Thomas E. and Judith C. Charlton (taxpayers) appeal from an order of the United States Tax Court denying their motion to vacate or revise the tax court's earlier decision in favor of the Commissioner. We have jurisdiction pursuant to 26 U.S.C. § 7482(a) (1988), and we affirm.

## I.

Taxpayer Thomas E. Charlton was a limited partner in Diabetics CME Associates (Diabetics). Diabetics was a losing proposition, and taxpayers claimed deductions on their 1981 and 1982 joint federal income tax returns based on Mr. Charlton's distributive share of Diabetics' losses.

In connection with an audit of their 1981 and 1982 returns, taxpayers consented to an extension of the time to assess tax for those two tax years. In 1986, the IRS disallowed the losses attributable to the Diabetics investment, and assessed a deficiency against taxpayers, together with interest and penalties based on that disallowance.

Taxpayers petitioned the United States Tax Court for a redetermination of the deficiency. After the tax court sustained the imposition of the deficiency, taxpayers moved the court to vacate or revise its decision. This motion was based in part upon taxpayers' new claim that assessment of the deficiency was barred by the limitations period on assessment and collection under the Internal Revenue Code. Taxpayers maintain only this claim on appeal.

## II.

Internal Revenue Code § 6501(a)[1] "establishes a generally applicable statute of limitations providing that the Internal Revenue Service may assess tax deficiencies within a 3–year period from the date a return is filed."[2] *Bufferd v. Commissioner,* — U.S. —, —, 113 S.Ct. 927, 929, 122 L.Ed.2d 306 (1993). Taxpayers do not dispute that the period remained open (by consent) with respect to their personal returns.[3] They do argue, however, that because the deficiency resulted from an adjustment to the partnership's return, the assessment must occur within three years of the filing of that partnership return. As the partnership did not execute an extension, taxpayers contend, the 1986 assessment was time barred under § 6501(a).

The tax court considered and rejected this argument, relying in part on the deci-

---

** Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation.

1. 26 U.S.C. § 6501(a) (1988). All citations are to the Internal Revenue Code, Title 26 U.S.C., unless otherwise provided.

2. In relevant part, the statute reads:

§ 6501. Limitations on assessment and collection
(a) General rule
  Except as otherwise provided ... the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed....

3. I.R.C. § 6501(c)(4).

sion of the Second Circuit Court of Appeals, in *Siben v. Commissioner*, 930 F.2d 1034 (2d Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 429, 116 L.Ed.2d 449 (1991). We agree with *Siben* and affirm the order of the tax court.

The *Siben* court addressed this same issue, and concluded that the individual partner's return, and not the partnership's information return, should trigger the period for assessment of deficiencies under § 6501(a). *Siben*, 930 F.2d at 1036; *accord, Durovic v. Commissioner*, 487 F.2d 36, 40 (7th Cir.1973), *cert. denied*, 417 U.S. 919, 94 S.Ct. 2625, 41 L.Ed.2d 224 (1974). In reaching this conclusion, the court looked to the nature of the partnership as it exists for tax purposes. A partnership is not itself a taxable entity. (§ 701). Rather, it is a conduit, passing through the tax benefits (and obligations) it generates directly to the individual partners.

Because the partnership is not itself liable for tax, the partnership return, which is essentially an information return, does not report "any tax imposed by this title" under § 6501(a). *See Siben*, 930 F.2d at 1035–36. "[T]he return," then, which triggers the 3–year period must refer to the return that actually reports the tax obligation—that of the liable partner. *See id.*

We hold the limitation period of § 6501(a) commences upon the filing of the return of the taxpayer against whom the deficiency is assessed—the return of the individual partner.[4]

This conclusion is supported by the recent pronouncement of the United States Supreme Court in *Bufferd v. Commissioner*, — U.S. —, 113 S.Ct. 927, 122 L.Ed.2d 306 (1993). In *Bufferd*, the Court resolved this same issue in the analogous (for tax purposes) situation of the S corporation. Noting the similarity of tax treatment between S corporations and partnerships, *id.*, — U.S. at —, 113 S.Ct. at 929, the Supreme Court concluded that the limitations period prescribed by § 6501(a) be-

gins upon the filing of the individual shareholder's return, not the return filed by the corporation. *Id.*, — U.S. at —, 113 S.Ct. at 933.

The *Bufferd* Court rejected this court's holding in *Kelley v. Commissioner*, 877 F.2d 756 (9th Cir.1989) that the relevant return was that of the S corporation. The Court relied again on the fact that the pass-through nature of the S corporation makes the shareholder's return the one containing "the data necessary for the computation and assessment of deficiencies." *Bufferd*, — U.S. at —, —, 113 S.Ct. at 930, 932.

Although an S corporation may now be liable for some tax in its own right, *see id.*, — U.S. at — & n. 9, 113 S.Ct. at 931 & n. 9, a partnership remains taxable only through its constituent partners. The conclusion that the limitations period of § 6501(a) begins upon the filing of the individual taxpayer's return therefore is even more compelling in the partnership context.

**AFFIRMED.**

---

4. We note that the partnership audit and litigation procedures enacted in the Tax Equity and Fiscal Responsibility Act (TEFRA) do not apply to the tax years at issue here. TEFRA modifies the limitations provisions governing certain partnerships. *See* 26 U.S.C. § 6229 (1988).