**ALON INTERNATIONAL, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 94–1801.

United States District Court,
W.D. Pennsylvania.

Sept. 5, 1995.

David J. Kalson, Cohen & Grigsby, Pittsburgh, PA, for plaintiff.

Michelle O. Gutzmer, United States Attorney's Office, Pittsburgh, PA, Charles M. Flesch, and Gerard J. Mene, U.S. Department of Justice, Tax Division, Washington, DC, for defendant.

## MEMORANDUM OPINION

LEE, District Judge.

Before the Court are Defendant's Motion for Summary Judgment (**Document No. 7**) and Plaintiff's Cross–Motion for Summary Judgment (**Document No. 12**). For the reasons stated below, Plaintiff's motion for summary judgment will be denied and Defendant's motion for summary judgment will be granted.

### I. FACTUAL BACKGROUND

This is an action by plaintiff, Alon International, Inc. ("Alon"), against defendant United States of America (the "Government") to recover an overpayment of federal income tax and interest thereon for the taxable year ended December 31, 1989. Jurisdiction is alleged pursuant to 28 U.S.C. § 1346(a)(1).

Alon is a "foreign sales corporation" under 26 U.S.C. §§ 921–927. Alon Processing, Inc. ("Processing") is the "related supplier corporation" to Alon. During the tax year 1989, both Alon and Processing were solely owned by Morris Weinbaum and his wife. During the tax year 1989, Processing was a Subchapter S corporation.

On January 1, 1990, Nukem GmbH, a German corporation, purchased the stock of both Alon and Processing from Morris Weinbaum. As a Subchapter S corporation cannot be owned by a nonresident alien, Nukem GmbH terminated the Subchapter S election of Processing on January 1, 1990, and began reporting income from Processing as a Subchapter C corporation.

In August, 1992, Nukem GmbH filed an amended corporate tax return (Form 1120FSC) on behalf of Alon for the tax year 1989 and also filed an amended information return (Form 1120S) for Processing. Additionally, Nukem GmbH issued amended Forms K–1 (Shareholder's Share of Income, Credits and Distributions, etc.) to Mr. Weinbaum.

In its refund claim, Alon alleged that its income was overreported and that the income of Processing, the related supplier, was underreported by a corresponding amount. The effect of the amended return of Alon and the amended information return of Processing was to obtain a refund of tax for 1989 for Nukem GmbH, and corresponding increase in tax for 1989 for Morris Weinbaum, the former sole shareholder and owner of Processing.

By letters dated September 4, 1992, and September 24, 1992, Morris Weinbaum's accountant and lawyer, respectively, informed the Internal Revenue Service and Nukem GmbH that Mr. Weinbaum did not consent to the filing of an amended return for Alon or an amended information return for Processing for the year 1989.

The parties cross move for summary judgment pursuant to Federal Rule of Civil Procedure 56 because of an asserted absence of any genuine issues of material facts. Alon contends it is entitled to a recovery of an overpayment of federal income tax and interest thereon paid to the IRS on its 1989 tax return. The Government contends provisions of the Internal Revenue Code clearly proscribe the redetermination filed by Alon on behalf of Processing.

### II. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure reads, in pertinent part, as follows:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56.

In interpreting Rule 56(c), the United States Supreme Court has stated:

> The plain language ... mandates entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to material fact, since a complete failure of proof concern-

ing an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

An issue of material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The court must view the facts in a light most favorable to the non-moving party and the burden of establishing that no genuine issue of material fact exists rests with the movant. *Id.* at 242, 106 S.Ct. at 2505. The "existence of disputed issues of material fact should be ascertained by resolving 'all inferences, doubts and issues of credibility against the moving party.'" *Ely v. Hall's Motor Transit Co.,* 590 F.2d 62, 66 (3d Cir.1978) (quoting *Smith v. Pittsburgh Gage & Supply Co.,* 464 F.2d 870, 874 (3d Cir. 1972)). Final credibility determinations on material issues cannot be made in the context of a motion for summary judgment, nor can the district court weigh the evidence. *Josey v. Hollingsworth Corp.,* 996 F.2d 632 (3d Cir.1993); *Petruzzi's IGA Supermarkets, Inc. v. Darling–Delaware Co.,* 998 F.2d 1224 (3d Cir.1993).

When the non-moving party will bear the burden of proof at trial, the moving party's burden can be "discharged by 'showing'— that is, pointing out to the District Court— that there is an absence of evidence to support the non-moving party's case." *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2554. If the moving party has carried this burden, the burden shifts to the non-moving party who cannot rest on the allegations of the pleadings and must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986); *Petruzzi's IGA Supermarkets,* 998 F.2d at 1230. When the non-moving party's evidence in opposition to a properly supported motion for summary judgment is "merely colorable" or "not significantly probative," the court may grant summary judgment.

*Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11.

The parties agree that the only issue in this case is whether Processing, under new ownership and no longer an S corporation since January 1, 1990, has standing to file the 1989 amended Form 1120S at issue. Because the parties agree on the facts relevant to this dispute, the case is a particularly appropriate candidate for summary judgment analysis. *See Continental Ins. Co. v. Bodie,* 682 F.2d 436, 439 (3d Cir.1982).

## III. DISCUSSION

The Government contends only Morris Weinbaum has standing to amend the return of Processing for the year 1989 because any redetermination of Processing's tax liability directly affects the tax liability of Morris Weinbaum. Alon argues that the Government has incorrectly concluded that Morris Weinbaum has standing to amend the Form 1120S. Alon contends that section 6037 of the Code requires a corporation electing S corporation treatment to file an annual information return because the corporation is still a "taxpayer" under section 7701(a)(14). Consequently, according to Alon, Processing is the "taxpayer" for purposes of filing its Form 1120S, and any amendments thereto.

Section 6511(a) of the Internal Revenue Code governs the filing of claims for refund, including filing of amended returns. 26 U.S.C.A. § 6511(a) (West Supp.1995). This section provides that "a claim for refund ... shall be filed by the taxpayer...." 26 U.S.C.A. § 6511(a). Taxpayer is defined as "any person subject to any internal revenue tax." 26 U.S.C.A. § 7701(a)(14) (West Supp. 1988). The definitional provision of the Code provides that "the term 'person' shall be construed to mean and include an individual, a trust, estate, partnership, association, company or corporation." 26 U.S.C.A. § 7701(a)(1).

Subchapter S, 26 U.S.C.A. §§ 1361–79, was enacted with the intention of "eliminat[ing] tax disadvantages that might dissuade small businesses from adopting the corporate form and to lessen the tax burden on such businesses." *Bufferd v. Commissioner,* 506 U.S. 523, ——, 113 S.Ct. 927, 928, 122 L.Ed.2d 306

(1993). The Code accomplishes this purpose by means of a "pass-through" system under which corporate income, losses, deductions and credits are attributed to individual shareholders. *Bufferd,* 506 U.S. at ——, 113 S.Ct. at 929. Section 1363(b) of the Code provides, in relevant part, that "[t]he taxable income of an S corporation shall be computed in the same manner as in the case of an individual...." 26 U.S.C.A. § 1363(b) (West Supp. 1995).

Because Processing was a Subchapter S Corporation in 1989, all income or loss would pass through to Morris Weinbaum. Accordingly, Morris Weinbaum was the "taxpayer" for the tax year 1989 and any increase or decrease in tax is his obligation.

The Court, therefore, finds that Morris Weinbaum, as the former owner and sole shareholder of Processing, a Subchapter S Corporation during the 1989 tax year, is the party responsible for filing the amended return on which the tax attributable to the Subchapter S corporation was due. Accordingly, the Court finds that Nukem GmbH does not have standing to file an amended return for Processing for the tax year 1989 and Morris Weinbaum is the only person who could file an amended return for Processing for the tax year 1989.

### III. CONCLUSION

In the absence of any authority to the contrary, the Court feels a common sense approach to resolving this matter is appropriate. As any redetermination of Processing's tax liability directly affects the tax liability of Morris Weinbaum, the Court finds that only Morris Weinbaum has standing to amend the return of Processing for the tax year 1989. The approach adopted in this case construes section 1363(b) so that the Code's policies regarding the pass-through nature of S Corporations are consistently advanced. To adopt the approach advocated by Alon would create an inconsistency in the law.

Accordingly, Defendant's motion for summary judgment will be granted and Plaintiff's cross-motion for summary judgment will be denied.