122 F.3d 1070
 80 A.F.T.R.2d 97-6545, 97-2 USTC P 50,683
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard F. DeJEAN, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 96-70281.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Sept. 3, 1997.
 
 Appeal from the United States Tax Court
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard DeJean appeals pro se the Tax Court's decision finding DeJean liable for the penalty additions to his federal income tax for 1982 and 1983 in accordance with a stipulated agreement. We have jurisdiction pursuant to 26 U.S.C. § 7442. We review or abuse of discretion, see Bail Bonds by Marvin Nelson, Inc. v, Commissioner, 820 F.2d 1543, 1547 (9th Cir.1987), and we affirm.
 
 
 3
 DeJean contends that his stipulation to be bound by the tax court's decision in Schillinger v. Commissioner, 60 T.C.M. (CCH) 1470 (1990)), aff'd, 1 F.3d 954, 955 (9th Cir.199), is invalid because his attorney executed it without his consent. This court, however, has upheld the validity of DeJean's stipulation in DeJean v. United States, No. 94-30704 (June 6, 1995) ("DeJean I"). Because there has not been a change in the legal climate or the legally controlling facts, DeJean is barred by collateral estoppel from contending that the stipulation is invalid. See Carter v. United States, 973 F.2d 1479, 1482-83 (9th Cir.1992).
 
 
 4
 DeJean also contends that the statute of limitations for assessing taxes for 1982 had expired before the commissioner mailed a notice of deficiency for thatyear. We disagree.
 
 
 5
 The IRS must assess a tax deficiency within three years after the return is filed. See 26 U.S.C. § 6501(a); Charlton v. Commissioner, 990 F.2d 1161, 1162 (9th Cir.1993). Under section 6501(c)(4), however, the taxpayer may execute a waiver of the statute of limitations. See 26 U.S.C. § 6501(c)(4); Kinsey v. Commissioner, 859 F.2d 1361, 1363 (9th Cir.1988). The limitations period for assessment is also suspended for any period during which the IRS is prohibited from making an assessment. See 26 U.S.C. § 6503(a)(1).[1]
 
 
 6
 DeJean filed his income tax return for the 1982 tax year on October 18, 1983. On February 18, 1986, prior to the expiration of the three year statute of limitations, DeJean executed a Consent to Extend the Time to Assess Tax (Form 872) in which he agree to extend the time in which the IRS could assess income taxes with respect to the 1982 tax year to April 15, 1987. Thereafter, on March 27, 1987, the IRS mailed DeJean a Notice of Deficiency with respect to 1982. Thus, by operation of section 6503(a)(1), the limitations period was extended another 90 days to June 25, 1987. See 26 U.S.C. §§ 6501(a)(1) & 6213(a). The limitations period was again suspended on June 25, 1987, when DeJean filed a timely petition for redetermination of his 1982 tax liability in the Tax Court. See 26 U.S.C. § 6501(a)(1). Because the Tax Court's decision regarding DeJean's petition for redetermination is not final, the statute of limitations for assessing taxes for 1982 has not expired. See Id.
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, DeJean's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The IRS is prohibited from making any assessment within 90 days of mailing a notice of deficiency, and if a taxpayer files a timely petition for redetermination, The IRS is further prohibited from making any assessment until the decision of the Tax Court has become final. See 26 U.S.C. 6213(a)
 
 
 [2]
 In addition, we find DeJean's contention that the statute of limitation should run from the various dates of the Schillinger case to be without merit