FILED



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 15 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILEY M. ELICK DDS, INC.,<br><br>    Petitioner - Appellant,<br><br> v.<br><br>COMMISSIONER OF INTERNAL<br>REVENUE,<br><br>    Respondent - Appellee. | No. 13-73071<br><br>Tax Ct. No. 23768-10<br><br><br>MEMORANDUM* |
| WILEY M. ELICK and SHARON ELICK,<br><br>    Petitioners - Appellants,<br><br> v.<br><br>COMMISSIONER OF INTERNAL<br>REVENUE,<br><br>    Respondent - Appellee. | No. 13-73837<br><br>Tax Ct. No. 23767-10 |

Appeal from a Decision of the
Tax Court

  *   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Submitted January 6, 2016[**]
Pasadena, California

Before: M. SMITH, WATFORD, and FRIEDLAND, Circuit Judges.

In these consolidated appeals, taxpayers Wiley Elick and Sharon Elick (the Elicks) and their jointly-owned dental practice Wiley M. Elick, DDS, Inc. (DDS), appeal from a Tax Court decision affirming the Commissioner of Internal Revenue's determination of tax filing deficiencies. We have jurisdiction under 26 U.S.C. § 7482, and we affirm.

As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We review the Tax Court's denial of a motion to amend a petition for abuse of discretion. *See Kelley v. Comm'r*, 877 F.2d 756, 761 (9th Cir. 1989), *abrogated on other grounds, Bufferd v. Comm'r*, 506 U.S. 523 (1993). The Tax Court's conclusions of law are reviewed de novo, and its findings of fact are reviewed for clear error. *See DJB Holding Corp. v. Comm'r*, 803 F.3d 1014, 1022 (9th Cir. 2015). Whether an expense is "ordinary and necessary" is a finding of fact. *See Maciel v. Comm'r*, 489 F.3d 1018, 1028 (9th Cir. 2007). "Whether a taxpayer acted with reasonable cause and in good faith" is also a finding of fact. *DJB Holding Corp.*, 803 F.3d at 1022.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

**1.** The Tax Court acted within its discretion by denying the Elicks' motion to amend their petition. *See* Tax Ct. R. 41(a). The Elicks' untimely motion to amend was filed 41 days prior to trial, after the discovery deadline, and after nearly two years of litigation. *See* Tax Ct. R. 70(a)(2). Under these circumstances, the Tax Court properly concluded that the filing of an amended petition would have prejudiced the Commissioner. *See Solomon v. N. Am. Life & Cas. Ins.*, 151 F.3d 1132, 1139 (9th Cir. 1998).

**2.** Next, the Tax Court determined that management fees paid by DDS failed to qualify as deductible business expenses because the fees were not "ordinary and necessary." *See* 26 U.S.C. § 162(a). The record amply supports the Tax Court's conclusion that the management fees were not necessary to DDS' ongoing business. DDS' argument that the Tax Court mistakenly applied the burden of proof under 26 U.S.C. § 7491(a) is unavailing. Even assuming that DDS met the requirements for § 7491(a), the burden of proof is not determinative unless the evidence is in equipoise. *See United States v. Seschillie*, 310 F.3d 1208, 1216 (9th Cir. 2002). Such is not the case here, where the evidence corroborates the Tax Court's finding that the management fees paid by DDS did not correspond to services actually received.

**3.** In addition, the Tax Court properly assessed accuracy-related penalties pursuant to 26 U.S.C. § 6662. It found that the Elicks and DDS failed to make reasonable attempts to ascertain the accuracy of the claimed deductions. *See* 26 C.F.R. § 1.6662–3(b)(1); *see also* 26 U.S.C. § 6664(c) (safe harbor provision for taxpayers acting with "good faith" and "reasonable cause"). The management fees that DDS claimed fluctuated significantly from year to year, and were not corroborated by records of work performed. DDS not only failed to establish that it received any services in exchange for those fees, but also disregarded the terms of the management agreement.  In addition, the Elicks' and DDS' reliance on outside advisors for tax advice and return preparation did not extend to the factual accuracy of the particular amounts claimed. The record supports the Tax Court's finding that Dr. Elick determined those amounts. *See DJB Holding Corp.*, 803 F.3d at 1030 (reliance on accountant unreasonable where taxpayer failed to provide accountant with "all the necessary and accurate information"); 26 C.F.R. § 1.6664–4(b)(1).

**4.** Finally, the Tax Court assessed a late-filing addition to tax against the Elicks. An addition to tax applies to late filings "unless it is shown that such failure is due to reasonable cause and not due to willful neglect." 26 U.S.C. § 6651(a)(1). The Elicks' argument that they relied on a tax professional's advice to delay the

4

filing does not constitute reasonable cause. In *United States v. Boyle*, 469 U.S. 241 (1985), the Supreme Court held that failure to timely file a tax return was not excused by reliance on an agent, since such reliance "cannot function as a substitute for compliance with an unambiguous statute." *Id.* at 251.

**AFFIRMED.**