**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 31 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOEL DAVID JOSEPH,<br><br>　　　　　Petitioner-Appellant,<br><br>　v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>　　　　　Respondent-Appellee. | No. 16-70006<br><br>Tax Ct. No. 23968-13<br><br>MEMORANDUM* |

Appeal from a Decision of the
United States Tax Court

Submitted May 24, 2017**

Before:　THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

　　Joel David Joseph appeals pro se from the Tax Court's summary judgment

upholding the Commissioner of the Internal Revenue's determination of deficiency

for the 2010 tax year.　We have jurisdiction under 26 U.S.C. § 7482(a)(1).　We

---

　　*　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　**　The panel unanimously concludes this case is suitable for decision without oral argument.　See Fed. R. App. P. 34(a)(2).

review de novo. *Miller v. Comm'r*, 310 F.3d 640, 642 (9th Cir. 2002). We affirm.

The Tax Court properly granted summary judgment because Joseph failed to raise a genuine dispute of material fact as to whether the levy of funds from his individual retirement account did not constitute a distribution that is taxable gross income. *See* 26 U.S.C. § 408(d)(1) (subject to certain exceptions, "any amount paid or distributed out of an individual retirement plan shall be included in gross income by the payee or distribute . . . .").

The Tax Court did not abuse its discretion in denying Joseph's motion for leave to amend his petition because the proposed amendment would be been futile. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."); *Kelley v. Comm'r*, 877 F.2d 756, 760 (9th Cir. 1989) (standard of review), *overruled on other grounds by Bufferd v. Comm'r*, 506 U.S. 523 (1993).

We do not consider issues relating to the underlying tax levy that Joseph failed to raise in a collection due process hearing. *See* 26 C.F.R. § 301.6330–1(f)(2) Q & A F3.

**AFFIRMED.**